## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ENERFLEX LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO. 17-3359** |
| | § | |
| **vs.** | § | |
| | § | |
| | § | |
| **VALERUS FIELD SOLUTIONS, LP,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## COMPLAINT

Enerflex Ltd. ("Enerflex") files this complaint against Valerus Field Solutions, LP ("VFS").

## STATEMENT OF THE CASE

1.      This is an action for declaratory judgment and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*

2.      This action arises out of a present and actual controversy between Enerflex and VFS resulting from VFS's commencement of an arbitration proceeding before the American Arbitration Association ("AAA"), Case No. 01-17-0006-4234.

3.      The arbitration proceeding was initiated on October 23, 2017, when VFS filed its Demand for Arbitration (the "Demand") asserting claims for breach of contract and breach of fiduciary duty against Enerflex and Valerus Energia, Ltda. ("Valerus Energia").  *See* Ex. A.

4.      The three contracts on which VFS bases its claims and under which VFS initiated arbitration are contracts to which Enerflex is not a party.

5.      Enerflex did not otherwise agree to be bound by the terms of those contracts.

6.      Enerflex files this lawsuit seeking a declaration that it is not subject to the arbitration provisions VFS relies on.

7.      Enerflex also seeks preliminary and permanent injunctive relief restraining and enjoining VFS from pursuing arbitration against Enerflex.

## PARTIES

8.      Enerflex Ltd. is a for-profit Canadian corporation with its principal place of business at 1331 MacLeod Trail SE, Suite 904, Calgary, Alberta T2G 0K3.

9.      VFS is a for-profit Delaware limited partnership with its principal place of business in Houston, Texas.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2).  There is complete diversity between the parties because Enerflex is a citizen of a foreign state (Canada) and VFS is a citizen of both Delaware and Texas for diversity purposes.  The amount in controversy exceeds $75,000 exclusive of interest and costs.

11.     Personal jurisdiction exists and venue is proper in this district under 28 U.S.C. § 1391(b)(1) because VFS resides in this district.  Additionally, the contract under which VFS brings the arbitration that is the subject of this lawsuit provides that VFS "to the fullest extent permitted by applicable Law . . . submit[s] to the jurisdiction of the courts of the State of Texas and the federal courts of the United States of America located in Harris County, Texas . . . ." The contract further provides that disputes or proceedings shall be heard and determined in the courts located in Harris County, Texas.

FACTS

A.    THE FIELD SOLUTIONS PSA AND BSA

12.    VFS was a subsidiary of Valerus Compression Services, LP ("Valerus Compression").

13.    In 2013, Valerus Compression decided to sell its field solutions business to Kentz Corporation.

14.    To effectuate that transfer, Valerus Compression first had to separate its field solutions business from the other Valerus Compression businesses.

15.    To that end, a Business Separation Agreement (the "Field Solutions BSA") dated as of December 9, 2013 was executed by and between Valerus Compression and VFS.

16.    Among other things, Valerus Compression agreed to convey to VFS right, title and interest in and to all field solutions assets.

17.    Among those assets to be transferred was an engineering, procurement, and construction management contract executed on November 4, 2011 (the "OGX Contract") between OGX and a Brazilian consortium formed by Valerus Energia and Geogas Servicios de Oleo e Gas Ltda. ("Geogas").

18.    Specifically, Valerus Compression agreed to cause Valerus Energia, its indirect subsidiary, to convey to Valerus Soluçoes, its indirect subsidiary, the rights and obligations under the OGX Contract.

19.    The Field Solutions BSA was executed in conjunction with a Purchase and Sale Agreement by and among Valerus Compression, Kentz Corporation Limited, Kentz US Holdings Inc., Kentz do Brasil Servicios de Suporte Tecnico e Projectos Industrias Ltda. and Kentz Management Ltd. dated as of December 9, 2013 (the "Field Solutions PSA").

20.     Under the Field Solutions PSA, Kentz's Brazilian entity purchased the outstanding equity in Valerus Soluçoes.

B.      **THE OGX ASSUMPTION AGREEMENT**

21.     The transaction contemplated in the Field Solutions PSA and the Field Solutions BSA closed on or about January 3, 2014.

22.     Among the closing documents was the OGX Assumption Agreement entered into January 3, 2014, by and between Valerus Energia and Valerus Soluçoes.

23.     Valerus Energia was the party that entered into the consortium agreement for purposes of entering into and performing the OGX Contract.

24.     Under the terms of the consortium agreement, Valerus Energia was obligated to perform all of the obligations of the consortium under the OGX Contract.

25.     Until a new consortium could be created by Geogas and Valerus Soluçoes, Valerus Energia and Valerus Soluçoes agreed in the OGX Assumption Agreement to transfer from Valerus Energia to Valerus Soluçoes the benefits and burdens of the OGX Contract.

26.     Enerflex is a stranger to the Field Solutions BSA, the Field Solutions PSA, and the OGX Assumption Agreement.

C.      **THE ENERFLEX TRANSACTION**

27.     Enerflex and Valerus Compression entered into a Purchase and Sale Agreement dated as of June 1, 2014 (the "Enerflex PSA").

28.     A corresponding Business Separation Agreement was executed by and between Valerus Compression and several of its affiliates, including Valerus Energia, also dated as of June 1, 2014 (the "Enerflex BSA").

29.     The Enerflex BSA contemplated that Valerus Compression would convey to Valerus Energia all of Valerus Compression's right, title and interest in and to certain assets related to the international business in Brazil.

30.     Then, under the Enerflex PSA, Enerflex purchased all of the equity held by Valerus Compression in Valerus Energia.

31.     The Enerflex transaction occurred after the Field Solutions transaction.

32.     The Field Solutions BSA and Field Solutions PSA were referenced in the Enerflex PSA as among the "Kentz Transaction Documents."

33.     The Kentz Transaction Documents were identified as liabilities retained by Valerus Compression under the Enerflex PSA.  (Section 2.4 Retained Liabilities:  Enerflex's assumed liabilities will not in any event include any of the following Liabilities: "all Liabilities relating to, arising out of, or resulting from any Retained Business, including (i)(C) all Liabilities arising under the Kentz Transaction Documents.").

34.     Thus, Enerflex did not assume the obligations arising out of the Field Solutions BSA or Field Solutions PSA.

**D.     THE VFS ARBITRATION DEMAND**

35.     VFS filed its Demand against Enerflex and Valerus Energia on October 23, 2017.

36.     VFS asserts two claims in arbitration—breach of contract and breach of fiduciary duty.

37.     In its Demand, VFS asserts that the relationship between Enerflex and VFS is "governed by three agreements, the [Field Solutions PSA], the [Field Solutions] Business Separation Agreement, and the OGX Assumption Agreement."

38.      Contrary to assertions in VFS's Demand, Enerflex was not a party to any of these agreements.  *See* Ex. A (Demand) at 3 ("[VFS's] claims arise from a breach of the BSA, which was executed by Enerflex.").

39.      Enerflex did not otherwise agree to be bound by the terms of these agreements.

40.      Enerflex could not have breached contracts to which it was not a party.

41.      Enerflex cannot have fiduciary obligations arising out of a contract to which it is not a party.

42.      Enerflex cannot be required to submit to arbitration when it is not contractually obligated to do so.

CAUSES OF ACTION

I.   DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

43.      Enerflex re-alleges and incorporates by reference the allegations and facts contained in the foregoing paragraphs as if fully set forth herein.

44.      Under Section 1 of the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is authorized to declare the rights and other legal relations of interested parties seeking such a declaration.

45.      Enerflex did not agree to arbitrate claims asserted by VFS under the Field Solutions BSA, the Field Solutions PSA, or the OGX Assumption Agreement or any other contract.

46.      Enerflex, therefore, cannot be required to submit to arbitration before the AAA.

47.      Declaratory relief from this Court will serve the practical end of resolving this dispute and establishing the parties' contractual and legal rights and obligations.

48.      For at least the reasons set forth above, the Court should issue a declaratory judgment confirming that Enerflex is not required to arbitrate VFS's claim.

## II.  INJUNCTIVE RELIEF UNDER 28 U.S.C. § 2202

49.     Enerflex re-alleges and incorporates by reference the allegations and facts contained in the foregoing paragraphs as if set forth fully herein.

50.     Enerflex seeks a preliminary and permanent injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, restraining and enjoining VFS from pursuing the arbitration.

51.     Under Section 2 of the Declaratory Judgment Act, 28 U.S.C. § 2202, this Court is authorized to grant additional relief, including injunctive relief, against an adverse party whose rights have been determined by a declaratory judgment.

52.     This Court also has authority to enjoin an arbitration, pursuant to the FAA, when it determines that the parties have not entered into a valid and binding contract to arbitrate the dispute at issue.

53.     Enerflex has not entered into a valid and binding contract to arbitrate the dispute at issue in VFS's Demand.

54.     Enerflex will suffer irreparable injury if compelled to arbitrate a claim when it has no contractual obligation to do so.  Enerflex has no adequate remedy at law to prevent this irreparable injury.

55.     Enerflex has a substantial likelihood of success on the merits because Enerflex is not a party to the agreements containing the arbitration clause on which VFS relies.  Enerflex is not a party to the agreements containing the provisions VFS claims were breached, and Enerflex did not otherwise agree to be bound by the terms of those agreements.

56.     VFS will not suffer any harm if injunctive relief is granted because it is not entitled to arbitrate any claim against Enerflex absent an agreement to do so.  Further, VFS's Demand also names Valerus Energia, which is the proper party to the action.  Any and all relief sought by VFS should be pursued against Valerus Energia in arbitration, not Enerflex.

57.     An injunction would also serve the public interest by upholding the rule of law and public policy that arbitration is a matter of contract, and parties cannot be forced to arbitrate claims when they have no agreement to do so.

58.     Accordingly, the Court should grant Enerflex preliminary and permanent injunctive relief, enjoining VFS from further proceedings against Enerflex in the Arbitration.

**WHEREFORE,** Enerflex respectfully requests the following:

(A) a declaratory judgment that the AAA does not have jurisdiction over VFS's claim against Enerflex;

(B) preliminary and permanent injunctive relief enjoining VFS from further proceedings against Enerflex in the arbitration, and barring VFS from bringing any future arbitration involving the same facts and claims before AAA; and

(C) any such other and further relief that this Court deems just, equitable, and proper.

Date:   November 3, 2017

Respectfully submitted,

Of Counsel:

**Bracewell LLP**
Nancy McEvily Davis
Texas State Bar No. 24078971
S.D. Bar No. 1365946
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2300 Telephone
(713) 221-1212 Facsimile

 /s/ Bryan S. Dumesnil
Bryan S. Dumesnil
Texas State Bar No. 00793650
S.D. Bar No. 20999
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2781
(713) 223-2300 Telephone
(713) 221-1212 Facsimile

**Attorney-In-Charge for Enerflex Ltd.**